FRANK C. GORMAN, trustee in bankruptcy, *vs.* JAMES E. MACPHERSON.

Suffolk.   November 12, 1924. — November 13, 1924.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & WAIT, JJ.

*Practice, Civil,* Finding by trial judge, Exceptions. *Contract,* Performance and breach.

Where, in a bill of exceptions by the plaintiff in an action of contract based upon an agreement in writing, calling for the payment of money by the defendant, it appeared that the agreement required performance by the plaintiff in order to entitle him to recover, that the action was heard by a judge without a jury, that the evidence at the trial was not all reported, and that there were no findings by the judge stated excepting that he found for the defendant, an exception will not be sustained to a refusal by the judge to rule that on all the evidence the finding should be for the plaintiff although it was admitted that payments had not been made by the defendant, since it was not shown that the plaintiff had carried out his part of the contract.

CONTRACT by William H. McPherson upon an agreement in writing described in the opinion. Writ dated July 25, 1922.

After the entry of the action, Frank C. Gorman, who had been appointed trustee in bankruptcy of the plaintiff, was admitted as party plaintiff to prosecute the action.

The action was heard in the Superior Court before *Weed,* J., without a jury. The judge refused to rule that " On all the

evidence the findings should be for the plaintiff," and found for the defendant. The plaintiff alleged exceptions.

The only reference in the bill of exceptions to the evidence was as follows:

" It appeared in evidence that certain conversations were had between William H. McPherson, a former plaintiff, and the defendant prior to the drafting of the agreement whereby James E. MacPherson was to raise $35,000 from one Abbott, and that thereafter this agreement which was in evidence was drafted by James E. MacPherson, the defendant, who was at that time practising law in Boston.

" It was admitted that William H. McPherson paid in under this agreement $5,000, and that similar sums were paid in by the other parties to this agreement; that neither James E. MacPherson or William H. McPherson, or Louis Wolfson contributed more than the initial payment of $5,000 under the agreement."

*A. H. Lewis*, for the plaintiff.

*J. P. Driscoll*, for the defendant, submitted a brief.

RUGG, C.J. This is an action of contract to recover the sum of $5,000 under an agreement to which the parties were the plaintiff, the defendant, and one Wolfson. The agreement recited a desire by the parties to purchase specified land at a stated price. The agreement further provided:

" Whereas each of the three said parties desires to contribute in equal shares to the amount of fifty thousand dollars ($50,000.) initial payment on said land and to the carrying charges on said land, but the said James E. MacPherson is to guarantee the return of what the said William H. McPherson and the said Louis Wolfson contribute· in this respect. Now therefore the said parties, each in consideration of the agreement of the other and of the amount of one dollar each to the other in hand paid, receipt whereof is hereby acknowledged, hereby agrees as follows:

" 1. Each of the three parties shall contribute one-third of the initial payment of five thousand dollars ($5,000.00) in connection with the purchase of said land and each shall contribute one-third of the remaining forty-five thousand dollars ($45,000.) of said purchase payment of ·fifty thousand

dollars ($50,000.) and each shall pay one-third of the carrying charges on said property for the period of one (1) year from date; and all three shall sign the mortgage notes for the balance of the purchase price of said land.

" 2. James E. MacPherson agrees to reimburse the other said parties to the amount of their contributions as outlined above one (1) year from the date of this instrument provided they have not been so reimbursed out of the profit of any transaction or transactions growing out of the purchase of this land by the said three parties."

The original plaintiff was adjudicated a bankrupt during the pendency of this suit, and it has been prosecuted by the trustee in bankruptcy of his estate, who was substituted as plaintiff. It appeared in evidence that certain conversations were had between William H. McPherson, the former plaintiff, and the defendant prior to the drafting of the agreement whereby the latter was to raise $35,000 from a third person, and that thereafter the agreement was drafted by the defendant, at that time practising law in Boston. It was admitted that William H. McPherson paid under the agreement $5,000 and that similar sums were paid by the other parties; that no one of the three parties to the agreement contributed more than the initial payment of $5,000 under the agreement. There was a general finding for the defendant. The only exception is to a refusal to grant a request for a ruling that the finding should be for the plaintiff. It is not stated that the bill of exceptions contains all the material evidence.

The evidence is not reported. The general finding for the defendant cannot be revised. It must stand unless wholly unwarranted as matter of law. *Moss* v. *Old Colony Trust Co.* 246 Mass. 139, 143. The record discloses no error. of law in denying the requested ruling. There is nothing to require the conclusion as matter of law that the plaintiff is entitled to recover. It is not shown that the bankrupt had carried out his part of the contract. For aught that appears his conduct may have been such as completely to exonerate the defendant from liability.

*Exceptions overruled.*